J-S50007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTON JOHNSON | : | |
| | : | |
| Appellant | : | No. 911 EDA 2020 |

Appeal from the PCRA Order Entered February 18, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006415-2011

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MARCH 8, 2021**

Appellant, Anton Johnson, appeals from the post-conviction court's February 18, 2020 order denying his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to the disposition of his appeal.  The PCRA court summarized the relevant procedural history of this case as follows:

> After a jury trial, [Appellant] was convicted of aggravated assault on Radnor Township Police Officer, Steven Banner, after he attempted to strike him with his vehicle during a traffic stop. [Appellant] was sentenced to 120-240 months' imprisonment as a result of his second strike under 42 Pa.C.S.[ §] 9[7]14 (sentences for second and subsequent offenses).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] filed a direct appeal wherein he challenged the sufficiency of the evidence presented. After review, his conviction was affirmed [by the Superior Court, and t]he Supreme Court denied allowance of appeal on August 21, 2014.[1] On January 29, 2015, [Appellant] filed a *pro se* PCRA petition, [his first,] and Stephen Molineux, Esquire, was appointed to represent him. On February 1, 2016, Attorney Molineux filed an amended PCRA petition.

The PCRA court conducted evidentiary hearings on [Appellant]'s amended petition on July 14 and August 10, 2017. After the passing of the Honorable James F. Nilon, the case was reassigned to this [c]ourt.

Thereafter, on May 23, 2018, this [c]ourt entered an order denying the petition. [Appellant] appealed, raising four issues for review; all of the claims concerned trial counsel's effectiveness.

This [c]ourt issued its 1925(a) opinion on August 3, 2018. On January 7, 2019, the … Superior Court affirmed the dismissal of the [p]etition, adopting this [c]ourt's opinion as their own for purposes of further appellate review.[2]

On August 21, 2019, [Appellant] filed his second [*pro se*] PCRA Petition [(hereinafter "the Petition")]. [Appellant] alleged that PCRA counsel was ineffective in his representation of [Appellant] at his PCRA hearing and that his sentence is illegal. This [c]ourt issued a Notice of Intent to Dismiss [pursuant to Pa.R.Crim.P. 907,] and [Appellant] filed a timely [r]esponse thereto. On February 18, 2020, the Petition was dismissed, and [Appellant] filed this timely appeal.

PCRA Court Opinion (PCO), 4/17/20, at 1-2.

In his Statement of the Questions Presented section of his brief, Appellant indicates that he is raising a "layered claim of ineffective assistance of counsel by appella[te] and trial counsel," and that the PCRA court erred by

---

[1] **See Commonwealth v. Johnson**, 64 A.3d 287 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 97 A.3d 743 (Pa. 2014).

[2] **See Commonwealth v. Johnson**, 209 A.3d 485 (Pa. Super. 2019) (unpublished memorandum).

dismissing the Petition without a hearing. Appellant's Brief at 4 (unnecessary capitalization omitted). We address these claims *ad seriatim*.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of the Petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final in 2014. **See Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (holding a judgment of sentence becomes final 90 days after our Supreme Court denies allowance of appeal, which represents the time period a petitioner has to challenge the Supreme Court's ruling by writ of *certiorari* in the United States Supreme Court). Therefore, the Petition, filed in 2019, is patently untimely. Accordingly, to have jurisdiction to address the merits of Appellant's claims, he must avail himself of an exception to the PCRA's timeliness requirements for each claim. The PCRA court found that Appellant "has not alleged any timeliness exceptions[,]" noting that "post-conviction counsel's alleged ineffectiveness is not an exception." PCO at 4.

In the first section of the Argument portion of his brief, Appellant asserts prolix claims of the alleged ineffective assistance of prior counsel. **See** Appellant's Brief at 11-30. At no point does Appellant assert or substantiate a timeliness exception that would permit us to review those claims. "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the

petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008). Moreover, it "is well[-]settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Accordingly, we ascertain no error in the PCRA court's dismissal of these claims without a hearing.

In his second argument, Appellant offers affidavits by two, allegedly newly-discovered eyewitnesses, James Harding and Virgean Jones. Appellant's Brief at 31. He contends that the affidavits constitute non-cumulative, exculpatory evidence that was not discoverable at an earlier time through the exercise of reasonable diligence, not presented solely for the purpose of impeaching credibility, and would likely have compelled a different verdict had the witnesses testified at his trial.[3] ***Id.*** at 32. Thus, Appellant ostensibly invokes the newly-discovered evidence exception as set forth in Section 9545(b)(1)(ii) of the PCRA statute.

---

[3] This echoes the standard for consideration *of the merits* of an after-discovered evidence claim on collateral review. ***See Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (holding that "to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict"). However, to "qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." ***Id.***

Apart from these boilerplate assertions, Appellant fails to develop this argument in any meaningful fashion. Critically, for purposes of Section 9545(b)(1)(ii), he does not explain why these witnesses were not discoverable at an earlier time through the exercise of due diligence. "For purposes of the exception to the PCRA's jurisdictional time-bar under Section 9545(b)(1)(ii), a petitioner fails to meet his burden when the facts asserted were merely unknown to him. A petitioner must also explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." *Commonwealth v. Taylor*, 933 A.2d 1035, 1040–41 (Pa. Super. 2007) (cleaned up).

Appellant's trial concluded in May of 2012, yet he did not present Harding's affidavit,[4] dated October 4, 2018, until he filed the Petition on August 21, 2019. Appellant provides no explanation for why it took more than 6 years to obtain that affidavit from Harding, and/or what efforts he undertook to discover Harding's versions of events during that time. Accordingly, Harding's affidavit cannot satisfy the newly-discovered evidence exception.

As to Jones' affidavit, Appellant did not present that document to the PCRA court in the Petition. The first time it appears in the record is in Appellant's response to the court's Rule 907 notice. *See* Response, 1/27/20, at Exhibit 1. Jones' statement is undated, and Appellant provides no indication as to when he obtained it from her. In any event, Appellant provides no

_____

[4] *See* the Petition, 8/21/19 (attached as an unnumbered Exhibit).

explanation as to why it took nearly 8 years after his trial to obtain her statement, and/or what efforts he undertook to discover her account during that time. Accordingly, he has not demonstrated that he acted with adequate diligence in obtaining Jones' affidavit, as required to satisfy the newly-discovered evidence exception under Section 9545(b)(1)(ii) of the PCRA. As Appellant has failed to meet any exception to the PCRA's timeliness requirements with respect to the two affidavits, we ascertain no error in the PCRA court's dismissal of his untimely petition.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/21